IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL OLIVER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-05-3202 |
| LEHRMAN DOTSON, *et al.* | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment.[1] (Paper No. 15). Plaintiff was advised of his right to file documents or affidavits in opposition to the motion, and of the consequences of failing to do so. Despite that advice, Plaintiff has not opposed the dispositive motion. For the reasons that follow, Defendants' motion will be granted and the complaint dismissed without prejudice.

Plaintiff claims that on April 8, 2005, while incarcerated at the Maryland Correctional Adjustment Center, he was placed in full restraints, including handcuffs, waist chain, and leg-irons, inside his locked cell. (Paper No. 1 at p. 4). He claims he was left that way, day and night, for 18 days, with brief partial removal of the restraints during meal and bathroom breaks. *Id.* In addition, he asserts that he was denied medical treatment for injuries caused by the restraints and access to property such as a mattress, blanket, sheet, soap, toothpaste and clean underclothes. *Id.*

Defendants' Motion to Dismiss or for Summary Judgment alleges only that Plaintiff's claim has not been fully exhausted because it is currently pending before the Inmate Grievance Office ("IGO").

---

[1] Also pending in this case is Plaintiff's request for copywork. (Paper No. 14). His request shall be granted by separate order.

(Paper No. 15 at p. 3 and Ex. 4). Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b), and alternatively request summary judgment pursuant to Fed.R.Civ.P. 56.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The purpose of the exhaustion requirement of the PLRA is to provide "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) ( administrative remedies must be properly exhausted and exhaustion is mandatory). Exhaustion of administrative remedies is, however, not a jurisdictional requirement and need not be alleged by a prisoner in his complaint. *Woodford*, 126 S.Ct. at 2392 ("the PLRA exhaustion requirement is not jurisdictional"); *see also Anderson v. XYZ Corr. Health Sys.*, 407 F. 3d 674, 677 (4th Cir. 2005). The PLRA "clearly contemplates dismissal on the merits of some claims that have not been exhausted . . . [accordingly], the exhaustion-of-remedies requirement does not operate as a bar to the district court's exercise of its subject-matter jurisdiction." *Id.* (*citing* 42 U.S.C. § 1997e(c)(2)). Accordingly, it is not necessary for a plaintiff to allege exhaustion in a complaint in order to state a claim. Instead, it generally is an affirmative defense to be raised by the defendant. *Anderson*, 407 F.3d at 681.

Here, Defendants have moved to dismiss or for summary judgment on the affirmative defense of failure to exhaust administrative remedies. Dismissal on the basis of an affirmative defense may be proper

"when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357, at 714 (2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)."). Indeed, the United States Court of Appeals for the Fourth Circuit recognizes that a court may dismiss a complaint for failure to exhaust when it is "apparent from the facts alleged in the complaint." *Anderson*, 407 F.3d at 682. If, however, the facts are not clear from the face of a complaint, the court must examine material outside the pleadings, and the matter is treated as one for summary judgment.[2] *See* Fed.R.Civ.P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003). A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c);

---

[2] The United States Court of Appeals for the Ninth Circuit treats failure to exhaust under Rule 12 as a "non-enumerated" motion:

> Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

*Davis v. Adams*, No. 1:04-CV-5392-OWW-SMS-P, 2006 WL 1791374, at *1 (E.D.Cal. June 26, 2006).

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In the instant case, although the complaint refers to the administrative proceedings, it is not clear from the complaint itself that Plaintiff has not completely exhausted those remedies. However, the uncontroverted evidence presented by Defendants demonstrates that Plaintiff is in the process of exhausting available administrative remedies, but has not completed them, and that he has alleged a colorable civil rights claim.  Although the remedy he seeks, monetary damages, may not be available to him even if the IGO finds his claim meritorious, the administrative agency must still be allowed an opportunity to address the merits of his claim.  *See Booth v. Churner*, 532 U.S. 731, 740 (2001).

Prior to the passage of the PLRA, this court was permitted to stay a prisoner case while administrative remedies were being exhausted. That option, however, is no longer available. "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter*, 534 U.S. at 524. Accordingly, summary judgment will be granted in favor of Defendants on the affirmative defense of failure to exhaust administrative remedies and the complaint will be dismissed without prejudice[3] to allow complete exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a).  Plaintiff may refile his action after the IGO has held a hearing on the merits of his claim and has issued its decision, if he is dissatisfied with that decision.  A separate Order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[3] *See Booth*, 532 U.S. at 735 (affirming dismissal without prejudice of a prisoner's civil rights claim where exhaustion of administrative remedies had not been completed).